[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11284
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00045-CR-4-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THYRON CORNELL RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 28, 2009)

Before DUBINA, Chief Judge, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Thyron Cornell Richardson appeals his 168-month sentence for conspiracy to possess with intent to distribute more than 5 kilograms of powder cocaine and more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii) and (b)(1)(A)(iii). On appeal, Richardson argues that his sentence was procedurally unreasonable because the district court failed to justify the sentence based on the 18 U.S.C. § 3553(a) factors, and substantively unreasonable because the sentence was greater than necessary to serve the goals of sentencing when compared to his codefendants' sentences.

## I.

"We review the sentence imposed by the district court for reasonableness." *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). Reasonableness review requires the application of an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, __, 128 S. Ct. 586, 594, 169 L. Ed. 2d 445 (2007). We

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

*Id.* at __, 128 S. Ct. at 597.  If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence.  *Id.*

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors."  *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006).  "[W]e may find that a district court has abused its considerable discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).  While we have rejected the notion that a within-guideline-range sentence is *per se* reasonable, we have stated that, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."  *Talley*, 431 F.3d at 788.  Moreover, we have noted that comparing the sentence imposed against the statutory maximum sentence is one indication of reasonableness.  *See United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense,

promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

The district court does not need "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, a district court's rationale is legally sufficient where the record makes clear that it has considered the evidence and the arguments. *Rita v. United States*, 551 U.S. 338, 358-59, 127 S. Ct. 2456, 2469, 168 L. Ed. 2d 203 (2007).

Because the record demonstrates that the district court satisfied its obligation to explain the sentence when it stated that it had considered the § 3553(a) factors and Richardson's arguments, we conclude that Richardson's challenge to the procedural reasonableness of his sentence is unavailing. We also conclude that

4

Richardson's challenge to the substantive reasonableness of his sentence is also unavailing because the record shows the district court imposed a within-guideline-range sentence in consideration of the § 3553(a) factors. Accordingly, we affirm Richardson's sentence.

**AFFIRMED.**